UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIRAM E. SUMMERS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN M. POLLAND,<br><br>        Respondent. | Case No. CV 2:19-cv-09320-DOC-JC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On October 30, 2019, petitioner Hiram Summers, a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition"). The Current Federal Petition challenges a 2004 state judgment in Los Angeles County Superior Court Case No. BA260968 ("State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain, and in fact has been denied the requisite authorization from the Court of Appeals to file a successive petition.

## II. PROCEDURAL HISTORY[1]

### A. The State Case

#### 1. Conviction and Sentence

On July 8, 2004, in the State Case, a Los Angeles County Superior Court ("LASC") jury convicted petitioner of first degree murder and found that in the commission of the offense, petitioner personally and intentionally discharged a firearm, a rifle, which proximately caused great bodily injury and death to the victim, Leavar Williams. On July 15, 2004, the trial court sentenced petitioner to fifty years to life in state prison.

#### 2. Direct Appeal

On November 28, 2005, the California Court of Appeal, Second Appellate District, affirmed the judgment in a reasoned decision in Case No. B176847. On February 8, 2006, the California Supreme Court denied review in Case No. S140141.

#### 3. State Collateral Review

Petitioner thereafter collaterally challenged the judgment in the State Case via petitions for a writ of habeas corpus, petitions for a writ of error coram vobis, and appeals filed in the LASC, the California Court of Appeal, Second Appellate

---

[1] The procedural history set forth in this section is derived from the Current Federal Petition and supporting documents, public dockets and court records in the referenced cases of the California Court of Appeal, Second Appellate District and the California Supreme Court (accessible via http://appellatecases.courtinfo.ca.gov) of which this Court takes judicial notice, and the public docket and court records in the following cases in the Central District of California ("CDCA") and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") of which this Court takes judicial notice: (1) Hiram Summers v. A. Malfi, CDCA Case No. CV 07-1027 DOC(JC) ("First Federal Action"); (2) Hiram E. Summers v. Arnold Eric, CDCA Case No. CV 16-5570 DOC(JC) ("Second Federal Action"); (3) Hiram Summers v. Eric Arnold, CDCA Case No. CV 17-5487 DOC(JC) ("Third Federal Action"); and (4) Hiram Summers v. Eric Arnold, Ninth Circuit Case No. 16-72907 ("Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

District (Case Nos. B197057, B263684, B288992, B292090, B297405), and/or the California Supreme Court (Case Nos. S151061, S162080, S257134).[2] The California courts denied/rejected such petitions/appeals.

B. **First Federal Action**

On February 14, 2007, petitioner filed a Petition for Writ of Habeas Corpus in the First Federal Action in which petitioner challenged the judgment in the State Case. On January 11, 2008, petitioner filed a First Amended Petition for Writ of Habeas Corpus in the First Federal Action ("Operative First Federal Petition") in which petitioner challenged the judgment in the State Case.[3] On July 28, 2010, the assigned District Judge adopted the United States Magistrate Judge's Report and Recommendation recommending denial of the Operative First Federal Petition on the merits and dismissal with prejudice. On August 2, 2010, judgment was enter dismissing the Operative First Federal Petition with prejudice. The District Judge denied petitioner a certificate of appealability. Petitioner did not appeal.

C. **Second Federal Action and Ninth Circuit Action**

On July 26, 2016, petitioner filed a Petition for Writ of Habeas Corpus in the Second Federal Action ("Second Federal Petition"). As the Second Federal

---

[2] Petitioner also filed other unsuccessful petitions in the California Supreme Court which may or may not relate to the State Case in issue (Case Nos. S222180, S233124, S248854, S251406), and currently has pending another habeas petition in California Supreme Court Case No. S258469.

[3] Even though petitioner, in the Operative First Federal Petition, to some degree confused the case numbers assigned at different levels of state review, it was apparent that he challenged the judgment in the State Case therein. More specifically, in the location which called for the case number of the conviction on which the Operative First Federal Petition was based, petitioner referenced the case number for the California Court of Appeal case affirming the judgment in the State Case on direct appeal (*i.e.*, Case No. B176847) instead of the LASC case number for the State Case (*i.e.*, BA260968). Relatedly, in the locations of the Operative First Federal Petition which called for the case numbers of the California Court of Appeal and California Supreme Court cases affirming the judgment in the State Case, petitioner referenced the LASC case number for the State Case (*i.e.*, BA260968).

3

Petition contained inconsistent information as to the state judgment it was intended to challenge (*e.g.*, in one location it purported to challenge a judgment in LASC Case No. BA260964, but in another location it asked the Court to vacate/set aside the judgment in LASC Case No. BA260968 (*i.e.*, the State Case), the Court, on July 27, 2016, issued an Order Directing Petitioner to Clarify Judgment Challenged in [the Second Federal Petition]. On August 5, 2016, petitioner filed a document captioned "Motion Clarifying Challenge Conviction of Case No. # BA260968," effectively clarifying that the Second Federal Petition was intended to challenge the judgment in the State Case – the same judgment challenged in the First Federal Action (and in the Current Federal Petition).

On August 16, 2016, the assigned United States District Judge dismissed the Second Federal Petition and the Second Federal Action without prejudice for lack of jurisdiction, denied a certificate of appealability, and referred the Second Federal Petition to the Ninth Circuit for consideration as an application to file a second or successive petition.[4] Judgment was entered accordingly on the same date. Petitioner did not appeal.

On May 30, 2017, the Ninth Circuit denied petitioner's application to file a second or successive habeas corpus petition challenging the judgment in the State Case in the Ninth Circuit Action.

### D. Third Federal Action

On July 25, 2017, petitioner filed a Petition for Writ of Habeas Corpus in the Third Federal Action ("Third Federal Petition") in which petitioner again challenged the judgment in the State Case. On the same date, the Third Federal Petition and the Third Federal action were dismissed without prejudice for lack of

---

[4] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

4

jurisdiction and a certificate of appealability was denied. Judgment was entered accordingly on July 26, 2017. Petitioner did not appeal.

### E. Current Federal Petition

As noted above, on October 30, 2019, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court and, as noted above, instead reflects that the Ninth Circuit has denied petitioner such authorization.[5]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application

---

[5]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

(1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

The Operative First Federal Petition in the First Federal Action was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition – like the Second and Third Federal Petitions – is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.

DATED: October 31, 2019

_/s/ David O. Carter_
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE